**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-2541
_____

AUTOBAR SYSTEMS OF NEW JERSEY, d/b/a Total Liquor Controls,

Appellant

v.

BERG COMPANY, LLC; BERG LIQUOR SYSTEMS, LLC

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3:23-cv-03790)
District Judge: Honorable Michael A. Shipp

_____

Argued: July 11, 2024

Before: BIBAS, FREEMAN, and ROTH, *Circuit Judges*

(Filed: August 17, 2024)

Michael J. Canning          **[ARGUED]**
GIORDANO, HALLERAN & CIESLA
125 Half Mile Road, Suite 300
Red Bank, NJ 07701
     *Counsel for Appellant*

H. William Burdett, Jr.     **[ARGUED]**
WINTHROP & WEINSTINE
P.O. Box 15038
Lansing, MI 48901

Cianna Halloran
WINTHROP & WEINSTINE
225 S. 6th Street, Suite 3500
Minneapolis, MN 55402

Timothy M. Haggerty
FRIEDMAN KAPLAN SEILER ADELMAN & ROBBINS
7 Times Square, 28th Floor
New York, NY 10036
    *Counsel for Appellee*

———————

OPINION*

———————

BIBAS, *Circuit Judge*.

Facts matter. In denying a preliminary injunction, the District Court overlooked a key fact, so we will vacate and remand to let it reconsider.

Berg Liquor makes and sells alcohol-dispensing products for bars. For decades, one of its dealers was Total Liquor Controls. The companies had close ties. Total's owner, Albert Dorsey, owned a stake in Berg Liquor's predecessor company. And when he sold that stake in 2022, he agreed not to compete against Berg. But soon the relationship soured. Berg tried to cancel its dealership agreement, accusing Total of missing its annual sales quotas and charging Dorsey with breaking his noncompete agreement.

Faced with losing its main supplier, Total sued Berg for breaching its contract, breaching its duty of good faith, and violating New Jersey's Franchise Practices Act, N.J. Stat.

———————

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

2

Ann. § 56:10-5. It also moved for a preliminary injunction to stop Berg from ending their deal. Total argued that, without the dealership agreement, it would be irreparably harmed because its business would fail. But the District Court denied the injunction, reasoning that Total had not shown that it would fail because it still had some revenue and could "pursue any and all potential customers." JA 6. Total now brings this interlocutory appeal.

We have jurisdiction under 28 U.S.C. § 1292(a)(1). We review the District Court's findings of fact for clear error, its legal conclusions de novo, and its ultimate denial of a preliminary injunction for abuse of discretion. *Del. State Sportsmen's Ass'n v. Del. Dep't of Safety & Homeland Sec.*, 108 F.4th 194, 198 (3d Cir. 2024).

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. NRDC*, 555 U.S. 7, 24 (2008). A court should not grant it unless the plaintiff can show that he is likely both to succeed on the merits and to suffer irreparable harm without it. *Id.* at 20; *see also Del. State Sportsmen's Ass'n*, 108 F.4th at 201–02, 204. If he makes those two showings, the court must also weigh the harm to other parties and the public interest. *Del. State Sportsmen's Ass'n*, 108 F.4th at 202.

This case turns on whether the threatened harms are irreparable. Injuries are irreparable if they would jeopardize an ongoing case's survival or at least threaten interim harm that the court could not redress after trial. *Id.* at 200. Because economic injuries usually can be repaired later on, "[m]ere injuries, however substantial, in terms of money, time and energy … are not enough." *Sampson v. Murray*, 415 U.S. 61, 90 (1974) (internal quotation marks omitted). But injuries that force a business to close or go bankrupt can count. *Minard Run Oil Co. v. U.S. Forest Serv.*, 670 F.3d 236, 255 (3d Cir. 2011).

3

That bar is high. So, for example, we overturned a preliminary injunction even though a plaintiff company claimed that it would lose 80% of its revenue, because the company offered no financial statements or projections to support that claim and could have gotten more business elsewhere. *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 802–03 (3d Cir. 1989).

The District Court followed that reasoning but overlooked a major difference: Dorsey's noncompete agreement. It clearly erred in finding that Total could readily get more business. Total cannot "pursue any and all potential customers" because the noncompete bars Dorsey and his affiliates from competing with Berg. JA 6. As Berg admitted at oral argument, Total is a small firm that cannot operate without Dorsey.

New Jersey's franchise law does not change our analysis. Total claims that the law entitles it to an injunction without proving irreparable injury. But it forfeited this argument by not raising it below. *Spireas v. Comm'r*, 886 F.3d 315, 321 (3d Cir. 2018).

Nor does New Jersey's franchise law override the federal standard for irreparable harm. Total cites cases in which Congress had lowered the bar by clearly "restrict[ing] the court's jurisdiction in equity." *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 542 (1987) (internal quotation marks omitted). But even though Congress can do so, New Jersey cannot. *See Instant Air Freight*, 882 F.2d at 799 (holding that federal courts must apply federal equitable procedures when reviewing preliminary injunctions). That is why we have required plaintiffs seeking preliminary injunctions under this franchise law to prove irreparable injury. *Liberty Lincoln-Mercury, Inc. v. Ford Motor Co.*, 562 F.3d 553, 557 (3d Cir. 2009).

4

We will vacate and remand to let the District Court reconsider irreparable harm. On remand, the court should clarify which portions of the declarations and other evidence it finds credible and whether Total offers enough concrete evidence that, absent a preliminary injunction, it will have to go bankrupt or shut down.